IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANYA WILDE, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-2705 |
| | § | |
| HOUSTON BAPTIST UNIVERSITY, | § | |
|    Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff, Danya Wilde, and files this Original Complaint, complaining of Defendant, Houston Baptist University, and for her cause of action, shows the Court as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, actual economic damages, punitive damages, compensatory damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for Defendant's race discrimination, in violation of Title VII, 42 U.S.C. § 1981 and the Texas Labor Code.

2. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

3. Plaintiff, Danya Wilde, is a former employee of Defendant.

4. Defendant, Houston Baptist University is a Texas private university, duly authorized to conduct business in the State of Texas. This Defendant may be served with summons by serving its registered agent, Robert B. Sloan at 7502 Fondren Road, Houston, Texas 77074.

5. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

6. This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3) and (4) and 1367(a).

7. The Court has personal jurisdiction over Defendant since it regularly conducts business in the State of Texas, and therefore has minimum contacts with the State of Texas.

8. Alternatively, the Court has personal jurisdiction over Defendant since the acts giving rise to this suit occurred within the State of Texas.

9. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

10. All conditions precedent to filing this lawsuit have been met.

### IV.
### PROCEDURAL REQUISITES

11. On January 12, 2015, Plaintiff filed a charge of race discrimination against Defendant under Charge Number 460-2015-01142 with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC-CRD").

12. On June 6, 2016, the EEOC issued Plaintiff her Notice of Right to Sue letter on her Charge.

13. This suit has been filed within 90 days of Plaintiff's receipt of her Notice of Right to Sue letter.

14. Plaintiff has met all conditions precedent to the filing of this suit.

**V.**
**<u>FACTS</u>**

15. Danya Wilde is a Caucasian female.

16. Ms. Wilde began her employment with Fluor in 2005.

17. Throughout her employment with Houston Baptist University, Ms. Wilde received excellent performance reviews and appraisals.

18. During her employment, Ms. Wilde also received regular raises.

19. In 2013, the President of Houston Baptist University made comments that were negative toward African-Americans.

20. Shortly thereafter, on March 27, 2013, the Provost of Houston Baptist University commented that the University needed to get rid of anyone who did not align with the vision of the President.

21. Plaintiff has a bi-racial son.

22. Plaintiff is dating an African-American male.

23. In August 2013, Plaintiff took her boyfriend to a faculty dinner.

24. That faculty dinner was the first time that many of Ms. Wilde's co-workers met her boyfriend and learned that she was dating an African-American male.

25. During the dinner, the faculty noticeably ignored Ms. Wilde's boyfriend and ostracized Ms. Wilde.

26. In December 2013, Ms. Wilde took her boyfriend to the Houston Baptist University Christmas party.

27. Similar to the faculty dinner, the faculty ostracized Ms. Wilde and her boyfriend.

28. In May 2014, Ms. Wilde held a crawfish boil for her team.

29. Ms. Wilde brought her boyfriend to the crawfish boil.

30. During the crawfish boil, Houston Baptist employees made off-putting comments about the fact that Ms. Wilde dated an African-American.

31. In June 2014, Ms. Wilde attended the student orientation seminar for incoming freshman students with her son, Dylan Wilde, and her boyfriend.

32. Dylan Wilde was planning to attend Houston Baptist University in the Fall of 2014.

33. At the time of the freshman orientation, Dylan Wilde was registered for the fall semester and received his class schedule.

34. Because Ms. Wilde was a Director, one of her employee benefits allowed Dylan Wilde to attend Houston Baptist University tuition free.

35. At the freshman seminar, Ms. Wilde's colleagues made derogatory comments about Ms. Wilde's family because of their race.

36. Ms. Wilde's colleagues stated that they could not believe that she has an African-American son.

37. Houston Baptist University has exhibited a bias against African-Americans.

38. Houston Baptist University faculty have made derogatory comments about African-American students.

39. Houston Baptist University has also targeted African-American faculty for termination because of their race.

40. Additionally, during a meeting regarding financial aid, the President of Houston Baptist University asked to find out the race break down of various groups of students because, according to him, Houston Baptist University "might not want to increase minority representation."

41. On July 14, 2014, Ms. Wilde was terminated from her position at Houston Baptist University.

42. Because Ms. Wilde was terminated from her position, Dylan Wilde was forced to withdraw from his enrollment at Houston Baptist University.

43. The reason given to Ms. Wilde for the termination of her employment was that it appeared that she was no longer dedicated to her staff.

44. The reason given to Ms. Wilde for her termination is false.

45. Direct and circumstantial evidence demonstrates that Ms. Wilde was terminated based on her association with her bi-racial son, and her boyfriend, who is African-American.

## VI.
## CAUSE OF ACTION—RACE DISCRIMINATION

46. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

47. As described above, direct and circumstantial evidence exists showing that Defendant intentionally discriminated against Plaintiff and terminated her employment because of her association with her bi-racial son and her African-American boyfriend, in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981 and the Texas Labor Code.

48. As a result of Defendant's actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in the probability will continue to suffer in the future.

49. Additionally, the aforementioned action was done willfully or with reckless disregard for the federally protected rights of the Plaintiff, entitling Plaintiff to punitive damages.

## VII.
## DAMAGES

50. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

51. Plaintiff seeks to be made whole and, as a result, requests all appropriate damages from Defendants allowed under the law.

52. Plaintiff has lost compensation and benefits, for which she seeks as back pay, including wages, commissions, bonuses, benefits and any other compensation.

53. In addition, Plaintiff demands reinstatement, or front pay in lieu of reinstatement, including but not limited to any and all future lost wages, commissions, bonuses, benefits and any other compensation.

54. Plaintiff demands attorney's fees, expert witness fees, pre-judgment and post-judgment interest, costs of court and any other damages allowed.

## VIII.
## JURY DEMAND

55. Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## IX.
## RELIEF REQUESTED

56. Plaintiff respectfully requests that she be granted judgment for the following relief:

   a. For actual damages, including appropriate backpay, commissions, bonuses and any other compensation, and reimbursement for lost pension, insurance, and all other benefits;

   b. For reinstatement, or front pay in lieu of reinstatement;

   c. For liquidated, compensatory and punitive damages as allowed by law;

  d.  For attorneys' fees;

  e.  For expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

  f.  For pre-judgment and post-judgment interest as allowed by law;

  g.  For costs of court, costs of prosecuting Plaintiff's claim; and

  h.  For such other and further relief to which Plaintiff may be entitled under the relevant statutes or be justly entitled.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that after trial by jury she be awarded the relief requested above, and all such other further relief, whether at law or in equity, to which Plaintiff may show herself justly entitled.

            Respectfully submitted,

            CLINE | AHMAD

            /s/ Nasim Ahmad
            Nasim Ahmad
            State Bar No. 24014186
            nahmad@cline-ahmad.com
            Cline | Ahmad
            723 Main Street, Suite 904
            Houston, Texas 77002
            Telephone: (832) 767-3207
            Facsimile: (281) 864-4379

            ATTORNEY FOR PLAINTIFF
            DANYA WILDE